IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Mary E. Luther, )
 ) Civil Action No. 6:08-3931-TLW-WMC
        Plaintiff, )
 ) **O R D E R**
  vs. )
 )
Michael J. Astrue, )
Commissioner of Social Security, )
 )
        Defendant. )
 )

This matter is before the court on a petition for approval of attorney fees submitted by W. Daniel Mayes for his successful representation of the plaintiff in the underlying Social Security benefits action. The court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

The Commissioner's decision denying benefits to the plaintiff was reversed and remanded for further administrative proceedings upon the motion of the Commissioner by order of the court on July 22, 2009. The petitioner seeks attorney fees of $4,925.99 ($168.41 per hour for 29.25 attorney hours), costs of $7.00, and expenses of $16.00 (m. for attorney fees, stmt. of costs and expenses). The Commissioner does not object to the petitioner's request for attorney fees, costs, and expenses.

## APPLICABLE LAW AND CONCLUSIONS

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not

substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement. *Id.; see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991).

The test for substantial justification is one of reasonableness – did the agency's position have a "reasonable basis both in law and fact," or was it "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This standard allows the government some leeway in litigation without permitting it to adopt positions arbitrarily. "[T]he government has the burden of proving that its litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991) (citing *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)).

The plaintiff was the prevailing party in this action, and the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The petitioner has provided an itemized statement stating the time expended in preparing this case. The defendant does not object to an award of EAJA fees and further does not object to the amount sought by the petitioner.

Now, therefore,

IT IS ORDERED that the defendant pay to the plaintiff Four Thousand Nine Hundred Twenty-Five and 99/100 ($4,925.99) Dollars[1] in attorney fees and Twenty-Three and no/100 ($23.00) Dollars in costs and expenses.

IT IS SO ORDERED.

October 22, 2009                                        s/William M. Catoe
Greenville, South Carolina                 United States Magistrate Judge

---

[1] This court understands that it is the Commissioner's practice is to make the check payable to the plaintiff but to send the EAJA payment to the plaintiff's attorney's office, which reduces the risk that the attorney will not receive his fees from the plaintiff.

2